**Christopher L. HARRIS, Petitioner–
Appellant,**

v.

**Paul COPENHAVER, Respondent–
Appellee.**

No. 12–17646.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2014.*

Filed Feb. 26, 2014.

Christopher L. Harris, Welch, WV, pro
se.

Bureau of Prisons Regional Counsel,
Stockton, CA, Litigation Coordinator,
USP, Atwater, CA, Sylvia A. Quast, Assis-
tant U.S., USSAC–Office of the U.S. At-
torney, Sacramento, CA, for Respondent–
Appellee.

Before: ALARCÓN, O'SCANNLAIN,
and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Federal prisoner Christopher L. Harris
appeals pro se from the district court's
judgment dismissing his 28 U.S.C. § 2241
habeas petition and from the order deny-
ing his Federal Rule of Civil Procedure
60(b) motion. We have jurisdiction under
28 U.S.C. § 1291, and we affirm.

We review the denial of a section 2241
petition de novo, *see Stephens v. Herrera,*

464 F.3d 895, 897 (9th Cir.2006), and the
denial of a motion under Rule 60(b) for
abuse of discretion, *see Mackey v. Hoff-
man,* 682 F.3d 1247, 1248 (9th Cir.2012).

Harris's instant habeas petition, like
multiple previous petitions, asserts that he
is entitled to be released from custody
because he has "delivered security" to the
United States as payment of a fine im-
posed following a 1999 conviction in the
Southern District of Indiana. Harris's
Rule 60(b) motion argues that the govern-
ment committed fraud on the court by
failing to provide accurate information re-
garding his fine. The district court prop-
erly denied relief.

To the extent Harris challenges the exe-
cution of his sentence, he has not shown
(1) cause for bringing a successive petition
and that prejudice would result, or (2) that
a fundamental miscarriage of justice will
result from the failure to entertain his
claim. *See McCleskey v. Zant,* 499 U.S.
467, 494–95, 111 S.Ct. 1454, 113 L.Ed.2d
517 (1991). Insofar as Harris challenges
the legality of his detention, his exclusive
remedy is a motion under 28 U.S.C.
§ 2255. *See Stephens,* 464 F.3d at 897.

All pending motions are denied as moot.

**AFFIRMED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.